07 MAY 25 PM 3:46

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **GREGORY R. HOPKINS**<br>8055 Keller Road<br>Cincinnati, Ohio 45243<br><br>        Plaintiff,<br><br>vs.<br><br>**KFORCE, INC.**<br>36 East 7th Street<br>Cincinnati, Ohio 45202<br><br>and<br><br>    Statutory Agent<br>    CT Corporation System<br>    1300 East Ninth Street<br>    Cleveland, OH 44114<br><br>        Defendant. | CASE NO. **1:07 CV 412**<br><br>Judge _____SPIEGEL_____<br><br><br>**COMPLAINT**<br><br>**(With Jury Demand Endorsed Hereon)** |

Now comes Plaintiff and for his Complaint states as follows:

1. This is an action for age discrimination under 29 USC 621, et seq. Defendant failed to promote Plaintiff to a position for which he was more qualified than the younger employee who was given the position because of his age. In February 2006, the month following the failure to promote, Plaintiff was wrongfully terminated from his position as Senior Account Director at Kforce, Inc. also because of his age. This court has jurisdiction under 28 USC §1331.

1

## VENUE

2. Venue is appropriate under 28 USC §1391 since Kforce, Inc. has a place of business in Hamilton County, Ohio, and conducted the activity that gives rise to a claim for relief from that place of business. Also, Plaintiff resides in Hamilton County, Ohio.

## PARTIES

3. Gregory R. Hopkins, age 50 (49 at the time of his termination), was employed by Defendant Kforce, Inc. as a Senior Account director in the Kforce, Inc. Cincinnati, Office.

4. Defendant Kforce, Inc. is a professional staffing corporation that places "great people in the right positions." It is a national provider of professional staffing services in the information technology, accounting and healthcare fields. Kforce, Inc. is headquartered in Tampa, Florida, and maintains an office in Cincinnati, Ohio.

## FACTUAL ALLEGATIONS

5. Plaintiff was employed for 19 years in the professional staffing business. He was employed in the Cincinnati office of Kforce, Inc. at the time of his termination.

6. Plaintiff received satisfactory performance appraisals throughout his career with the exception of an appraisal that he received in February 2006, immediately prior to his termination.

7. Plaintiff was consistently a high performer. At the time of his termination, he was #1 in the Company in terms of career-to-date sales with sales totaling over $10,000,000.

8. Plaintiff's duties included finding companies that needed permanent or leased employees and making arrangements to fill their positions. Some employees were placed on a permanent basis, some on a temporary basis.

9. Plaintiff also had duties as a market manager for the Cincinnati Office. This responsibility included the responsibility for running the business, hiring, training, and management of the permanent placement group. He was the local supervisor for the group.

10. Under Plaintiff's leadership, the Cincinnati permanent placement group became #1 in the nation for their product line.

11. In early 2005, Jason Evans, age 34, an employee of the Dayton office, began to work on projects for the Cincinnati office.

12. Plaintiff and several other employees of the Cincinnati office including William Laverty, age 43, and Terry Correll, age 48, had contact with Mr. Evans that led them to believe Evans had engaged in business practices that were unethical and not in the best interests of the company.

13. In late 2005, Plaintiff and other employees meet with Joe Bechtel, the group president, to request that Evans not work on projects for the Cincinnati office.

14. Despite Plaintiff's protests, Mr. Evans was transferred to the Cincinnati office.

15. At the time, there were two management positions open at the Cincinnati office.

16. Plaintiff applied for the Director, IT position.

17. When Steve Schott, age 35, declined one of the positions, the two positions were merged and given to Jason Evans.

18. The position that Plaintiff applied for was given to Mr. Evans.

19. Plaintiff has 19 years in IT staffing, was the marketing manager at the Cincinnati office, and was a top producer. He has a bachelor's degree in Information Technology and had worked in the computer field before working in IT professional staffing.

20. Prior to his employment with Kforce, Inc., Mr. Evans had 10 years of experience in investment counseling, not professional staffing. He had been with Kforce, Inc. only a couple

3

years. He was not a top producer. He had no experience managing staffing professionals at Kforce, Inc. or any other company. He did not have a degree in Information Technology and he had not worked in the computer field.

21. Plaintiff was clearly a superior candidate to Mr. Evans.

22. Nevertheless, Mr. Evans, age 34, was not only selected for the position; the position placed him in a supervisory role which effectively made him Plaintiff's supervisor.

23. Within a month of Mr. Evans' appointment, Plaintiff was disciplined for leaving a meeting early, given his first negative performance appraisal, and terminated.

24. Defendant's articulated reasons for the discharge, that Plaintiff had left a meeting early and had falsified documents, have no basis in fact, are not credible, and did not motivate the discharge.

25. Plaintiff had permission to leave the meeting.

26. The allegedly false information entered into a company database was hypothetical information created by Plaintiff as part of his job. He never represented that the information was anything but hypothetical. The hypothetical information was open and available to management officials of the company at all times.

27. Plaintiff was terminated on February 27, 2006.

28. Mr. Laverty and Mr. Correll subsequently resigned.

29. Laura Tomlin, age 28, who also initially raised issues regarding Evans' business practices was retained.

30. With the exception of Jan Arnett (male over 40) all employees of the Cincinnati Office (approximately 20) were under 37 at the time of Plaintiff's termination.

4

31. When Terry Correll once expressed to Joe Bechtel that he [Terry] had some interest in securing a position in a company where he had some equity interest. Mr. Bechtel's response was "don't you think you have missed the boat on equity, you're almost 50."

32. Mr. Bechtel referred to Mr. Hopkins, Mr. Laverty, and Mr. Correll, as the "old guys in the office."

33. Mr Bechtel's stereotypical preference for youth over age and experience created a major disruption in the Cincinnati office.

34. Plaintiff timely filed an EEOC charge.

35. A copy of Plaintiff's Right-To-Sue letter is attached as **Exhibit A**.

## COUNT I

### (Age Discrimination – Federal - promotion)

36. Plaintiff is over 40 and is a member of a protected class.

37. Plaintiff satisfactorily performed his job as a Senior Account Director.

38. Plaintiff suffered an adverse job action when he was denied the promotion to IT Director.

39. A younger, less qualified employee was selected for the position.

40. Defendant did not articulate any reason for Plaintiff's non-selection.

## COUNT II

### (Age Discrimination, Federal- termination)

As a further and separate cause of action, Plaintiff states as follows:

41. All of the allegations of Paragraphs 1-40 are herein incorporated by reference.

42. Plaintiff also suffered an adverse job action when he was terminated.

43. Only younger employees in their 20's and 30's have been hired in the office following Plaintiff's termination.

44. The allegations against Plaintiff were not credible, nor were they sufficient to support

his termination.

WHEREFORE, Plaintiff Gregory R. Hopkins prays for:

    a. Back pay;

    b. Lost benefits;

    c. Reinstatement or front pay in lieu thereof;

    d. Liquidated Damages;

    e. Prejudgment interest;

    f. Attorneys fees; and

    g. All other damages or equitable relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Sharon Sobers*

Peter A. Saba (0055535)
Sharon Sobers (0030428)
FINNEY, STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2723
(513) 533-2733 (fax)
petersaba@fssp-law.com
ssobers@fssp-law.com
**Attorneys for Plaintiff, Gregory Hopkins**

## JURY DEMAND

Plaintiff requests a trial by jury on all issues triable to a jury.

*/s/ Sharon Sobers*

Sharon Sobers (0030428)

6